IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**GABRIEL GONZALEZ,**                                                 **PLAINTIFF**
**REG. #30515-112-078**

v.                        **2:16CV00119-JLH/JTR**

**C. RIVERA,** *et al.*                                            **DEFENDANTS**

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION
FOR SUMMARY JUDGMENT**

The Defendants by and through Cody Hiland, United States Attorney for the Eastern District of Arkansas and Stacey E. McCord, Assistant U.S. Attorney for said district respectfully reply as follows to the Plaintiff's Motion in Opposition to Defendants' Motion for Summary Judgment (Doc. #82) and Supplement Response (Doc. #83).

To refute the Defendants' Motion for Summary Judgment and supporting exhibits including the declaration of Thomas Johnson, Supervisory Chaplain at FCC, Forrest City, the Plaintiff attaches an unsworn statement by Chaplain Ford made during the BOP administrative remedy Program. (Exhibit 1, Motion in Opposition to the Defendants' Motion for Summary Judgment. Doc. #82). In his statement, Chaplain Ford states that he was assigned to work at the prison chapel on March 24, 2016. He states that he did not put together the list of catholic inmates who signed up to attend the Catholic Easter meal and does not know who was responsible. (Exhibit 1 to Doc. #82, # 3). He also states that he does not recall if there was any other observance of Easter Service offered on March

24, 2016, other than the Catholic Easter meal. (*Id.*, # 7). Chaplain Ford states that he does not remember the Priest coming in on March 24, 2016, to do a separate Catholic Easter Mass. Additionally, he states that that the inmate names on the call-out sheets should have been for the meal. The Plaintiff states that Chaplain Ford returned to work on March 24, 2016, after being on vacation for several weeks. (Doc. # 83, p. 3). Thus, Chaplain Ford would not have had knowledge of the preparation for the Easter Catholic services.

Chaplain Ford's statement is far from definite about what did and did not occur on March 24, 2016. Primarily, he says that he does not recall and does not remember. Nevertheless, the fact that the Chaplains may have different memories of what occurred on March 24, 2016, should not prevent the Defendants from receiving summary judgment. "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). Even assuming everything the Plaintiff alleges is true and that he signed up for but was prevented from attending the only Catholic service offered by the prison that year, this is far from sufficient to establish a violation of the free exercise of religion clause of the First Amendment or the Religious Freedom Restoration Act (RFRA). As shown by the numerous cases cited in the Defendants' Memorandum of Law in Support of Motion for Summary Judgment, Courts have determined that single, isolated instances which may or may not deprive an inmate the ability to exercise religion for a short duration do not substantially burden an inmate's free exercise rights.

Furthermore, as argued in the Defendants' Motion for Summary Judgment Memorandum, under the *Abbasi*, analysis, the Plaintiff's First Amendment claims are not cognizable under *Bivens*. *Ziglar v. Abbasi,* 137 S.Ct. 1843 (2017). The Supreme Court has never recognized a First Amendment claim under *Bivens*. *See Reichle v. Howard*, 566 U.S. 663, n. 4 (2012) (noting that the Supreme Court has "never held that *Bivens* extends to First Amendment claims); *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (assuming, without deciding, that a free exercise claim was actionable because the issue was not raised on appeal and noting that the reluctance to extend *Bivens* "might well have disposed of respondent's First Amendment claim of religious discrimination"; *Bush v. Lucas*, 462 U.S. 367, 390 (1983) (declined to extend *Bivens* to a claim sounding in the Frist Amendment).

Some courts have recently reviewed similar First Amendment free exercise claims raised by an inmate post-*Abassi* and held that the claims could not be brought under *Bivens*. In *Crowder v. Jones*, 2017 WL 5889717 (S.D. IN 2017), the inmate alleged that his right to practice his religion was violated when the defendants denied his request for a kosher diet. The Court held that since the administrative remedy process and the RFRA provided avenues for relief for the inmate, it would not find that the inmate had a First Amendment claim under *Bivens*. In *Cooper v. True*, 2017 WL 6375609 (D. MN 2017), the Court noted that the RFRA is likely an alternative process that precludes an inmate's free-exercise claim under *Bivens*, but decided the case on the ground that the inmate had failed to state a claim in his Amended Complaint.

Additionally, even if the Plaintiff was mistakenly not allowed to attend the Easter Ceremonial meal, because the Defendants believed that he had not signed up, there is no showing that there was any intent to deny him of his right to exercise his religion. Thus, the Defendants are entitled to qualified immunity. As the Supreme Court has stated, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

**WHEREFORE**, for the reasons stated above and in the Defendants' Memorandum in support of Motion for Summary Judgment, the Defendants request that the Court grant their Motion for Summary Judgment.

Respectfully submitted,

Cody Hiland
United States Attorney

By: */s/ Stacey E. McCord*
Stacey E. McCord
Assistant U.S. Attorney
AR Bar Number 87114
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2630
Stacey.McCord@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy via U. S. Postal Service to:

Gabriel Gonzalez
REG. #30515-112
FCC Forrest City-Low
Inmate Mail/Parcels
P.O. Box 9000
Forrest City, AR 72336-9000

/s/ Stacey E. McCord
Assistant U.S. Attorney